**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY D. JUSTICE, II,      : | |
|      : | Case No. _____ |
|     Plaintiff,      : | |
|      : | <u>JURY TRIAL DEMANDED</u> |
|     v.      : | |
|      : | **COMPLAINT FOR VIOLATION OF THE** |
| VOLT INFORMATION SCIENCES, INC.,      : | **SECURITIES EXCHANGE ACT OF 1934** |
| WILLIAM J. GRUBBS, NICK S. CYPRUS,      : | |
| BRUCE G. GOODMAN, LINDA      : | |
| PERNEAU, ARNOLD URSANER, and      : | |
| CELIA R. BROWN,      : | |
|      : | |
|     Defendants.      : | |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1.  On March 12, 2022, Volt Information Sciences, Inc. ("Volt" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Vega Consulting, Inc. ("Parent") and Vega Mergerco, Inc. ("Purchaser") (the "Proposed Merger").

2.  Under the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase Volt's outstanding common stock for $6.00 in cash per share. The Tender Offer is set to expire on April 22, 2022.

3.  On March 25, 2022, defendants filed a recommendation statement (the "Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4.  As alleged herein, the Recommendation Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 15 U.S.C. § 78aa because the Recommendation Statement, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District.  *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8.      Plaintiff is and has been continuously throughout all relevant times the owner of Volt common stock.  Plaintiff resides in this District.

9.      Defendant Volt is a New York corporation.  Volt's common stock is traded on the New York Stock Exchange under the ticker symbol "VOLT."

10.     Defendant William J. Grubbs is Chairman of the Board of Directors of Volt (the "Board").

11.     Defendant Nick S. Cyprus is a member of the Board.

12.     Defendant Bruce G. Goodman is a member of the Board.

13.     Defendant Linda Perneau is a member of the Board.

14.     Defendant Arnold Ursaner is a member of the Board.

15.     Defendant Celia R. Brown is a member of the Board.

16.     Defendants identified in ¶¶ 10-15 are referred to herein as the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

17.     Volt is a global provider of staffing services – traditional time and materials-based as well as project-based.

18.     The Company's staffing services consist of workforce solutions that include providing contingent workers, personnel recruitment services, and managed staffing services programs supporting primarily administrative, technical, information technology, light-industrial, and engineering positions.

19.     On March 12, 2022, Volt entered into the Merger Agreement.

20.     The press release announcing the Proposed Merger provides as follows:

Volt Information Sciences, Inc. ("Volt" or the "Company") (NYSE-AMERICAN: VOLT), a global provider of staffing services, and Vega Consulting, Inc. ("Vega"), an affiliate of ACS Solutions ("ACS Solutions"), a global provider of information technology solutions and services (www.acsicorp.com), announced today that Volt and Vega have entered into a definitive merger agreement under which Volt will be acquired for $6.00 per share in cash. This per share purchase price represents a premium of 99% to the Company's closing stock price on March 11, 2022.

Vega will commence a tender offer no later than March 25, 2022 to acquire all outstanding shares of Volt for $6.00 per share in cash. The merger agreement was approved by Volt's board of directors, which recommends that Volt stockholders tender their shares in the offer.

Raj Sardana, Chief Executive Officer of ACS Solutions, commented, "We're pleased to announce the plan to acquire Volt, and look forward to welcoming their talented teams to our family of companies. This transaction will diversify our business mix by adding a sizable commercial staffing and MSP business to our staffing services portfolio, further expanding our suite of services and offerings."

Volt's President and Chief Executive Officer, Linda Perneau, added, "This acquisition offers Volt a compelling opportunity for continued growth. With ACS Solutions as our sister company, we will be in a position to accelerate investments in technology, enhance our capabilities, expand our operations, and ultimately

deliver better value to our clients — all complementing the superior client service that has come to be synonymous with the Volt brand."

In connection with the execution of the merger agreement, certain of Volt's stockholders, directors and executive officers holding approximately 26% in the aggregate of the Company's outstanding shares entered into agreements in which they agreed to tender all of their shares in the tender offer.

The closing of the transaction is subject to customary closing conditions, including the expiration or termination of certain regulatory periods and the tender of shares representing at least two-thirds of the Company's outstanding common stock in the tender offer. Following the successful completion of the tender offer, Vega will acquire any remaining shares not tendered in the tender offer through a second-step merger at the same price.

The merger agreement provides for a "go-shop" period during which Volt – with the assistance of Foros, its exclusive financial advisor – will actively solicit, evaluate and potentially enter into negotiations with, and provide due diligence access to, parties that submit alternative proposals. The go-shop period will extend for 30 calendar days until April 11, 2022. Volt will have the right to terminate the merger agreement to enter into a superior proposal, subject to the conditions and procedures specified in the merger agreement. There can be no assurance that this process will result in a superior proposal. Volt does not intend to disclose developments during this process unless its Board of Directors makes a decision with respect to any potential superior proposal.

The transaction is expected to close in the second calendar quarter of 2022. After closing, Volt will become a privately-held company and shares of Volt common stock will no longer be listed on any public market. For further information regarding the terms and conditions contained in the merger agreement, please see Volt's Current Report on Form 8-K, which will be filed with the U.S. Securities and Exchange Commission (the "SEC") in connection with this transaction.

Foros is acting as financial advisor to Volt and Milbank LLP is acting as legal counsel to Volt. Kilpatrick Townsend and Stockton LLP is acting as legal counsel to Vega.

21.     On March 25, 2022, defendants filed the Recommendation Statement, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

22.     The Recommendation Statement fails to disclose material information regarding Volt's financial projections, specifically: the line items underlying the projections.

23.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

<u>Financial Analyses</u>

24.     The Recommendation Statement fails to disclose material information regarding the financial analyses conducted by Foros Securities LLC ("Foros").   When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

25.     Regarding Foros's Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose: (i) the terminal values utilized by Foros; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Foros.

26.     Regarding Foros's Selected Public Companies Analysis, the Recommendation Statement fails to disclose the individual multiples for the companies utilized by Foros.

<u>Background of the Proposed Merger</u>

27.     The Recommendation Statement fails to disclose whether Volt executed any confidentiality agreements containing don't ask, don't waive provisions.

**COUNT I**

**Claim Against Defendants for Violation of Section 14(e) of the Exchange Act**

28.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

29.     Section 14(e) of the Exchange Act states:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

30.     Defendants disseminated the misleading Recommendation Statement, which contained statements that, in violation of Section 14(e) of the Exchange Act, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not misleading.

31.     The Recommendation Statement was prepared, reviewed, and/or disseminated by defendants.

32.     The Recommendation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

33.     By virtue of their positions within the Company and/or roles in the process and the preparation of the Recommendation Statement, defendants were aware of this information and their duty to disclose this information in the Recommendation Statement.

34.     The omissions in the Recommendation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares.

35.     A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

36.     Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Recommendation Statement, causing statements therein to be materially incomplete and misleading.

37.     Accordingly, defendants violated Section 14(e) of the Exchange Act.

38.     Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

**COUNT II**

**Claim Against Defendants for Violation of 14(d) of the Exchange Act**

39.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth

herein.

40.     Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or
reject a tender offer or request or invitation for tenders shall be made in accordance
with such rules and regulations as the Commission may prescribe as necessary or
appropriate in the public interest or for the protection of investors.

41.     Rule 14d-9(d) states:

Any solicitation or recommendation to holders of a class of securities referred to in
section 14(d)(1) of the Act with respect to a tender offer for such securities shall
include the name of the person making such solicitation or recommendation and
the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101)
or a fair and adequate summary thereof[.]

42.     Item 8 requires that directors must "furnish such additional information, if any, as

may be necessary to make the required statements, in light of the circumstances under which they

are made, not materially misleading."

43.     The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because

it omits the material facts set forth above, which renders the Recommendation Statement false

and/or misleading.

44.     Defendants knowingly or with deliberate recklessness omitted the material

information set forth above, causing statements therein to be materially incomplete and

misleading.

45.     The omissions in the Recommendation Statement are material to plaintiff, and he

will be deprived of his entitlement to make a fully informed decision with respect to the Proposed

Transaction if such misrepresentations and omissions are not corrected prior to the expiration of

the Tender Offer.

46.     Plaintiff has no adequate remedy at law.

**COUNT III**

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

47.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

48.     The Individual Defendants acted as controlling persons of Volt within the meaning of Section 20(a) of the Exchange Act as alleged herein.

49.     Due to their positions as directors of Volt and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, thus, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

52.     The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly connected with and involved in the making of the Recommendation Statement.

53.     Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

54.     The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

55.     Due to their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

56.     Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief against defendants as follows:

A.     Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: April 1, 2022

**GRABAR LAW OFFICE**

By:  _____

Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*

10